UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WOBIAO LEI,<br><br>      Petitioner,<br><br>  v.<br><br>HOWARD C BARRON, et al,<br><br>      Respondents. | Case No. 2:23-cv-01505-BJR-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: April 26, 2024 |

  Before the Court is a federal habeas petition under 28 U.S.C. § 2241. Petitioner Wobiao Lei is a federal prisoner, currently detained at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). *See* Dkt. 1. Petitioner asks this court to direct the Federal Bureau of Prisons ("BOP") to grant him earned time credits ("ETCs") to be applied towards early release from confinement. *See id.* at 2. Petitioner asserts that he is entitled to such credits under the First Step Act ("FSA") of 2018. *See id.*

  Respondents assert the BOP has provided petitioner with the requested credits and such credits have been applied to his sentence. Dkt. 19.

  Because the relief petitioner sought has effectively been granted, petitioner has no injury that could be redressed by this Court and his petition is therefore moot. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

REPORT AND RECOMMENDATION - 1

BACKGROUND

On November 22, 2022 petitioner pleaded guilty to conspiracy to manufacture and distribute marijuana in the Western District of Washington under case number CR20-0171 and was sentenced to 60 months imprisonment. Dkt. 1 at 1. Petitioner is serving his sentence at FDC SeaTac with a projected release date of January 21, 2025, as calculated by the BOP. *See id.* at 5.

Petitioner filed his petition for writ of habeas corpus in this Court on September 27, 2023. *See* Dkt. 1. Petitioner claims that if the BOP applied the ETCs he has earned, he would be entitled to an earlier release date than his currently calculated release date. *Id*. at 2. Petitioner contends that he is not being credited with ETCs for the period from November 22, 2022 to April 6, 2023. *Id*.

Respondents assert in the response that the BOP provided petitioner with the requested credits and updated his FSA Time Credit Assessment to reflect the additional 50 days of credit for the time period between his sentencing on November 22, 2022 and his designation to the FDC on April 6, 2023. Dkt. 18 at 1; Dkt. 19-1. Respondents argue that petitioner has been afforded the relief sought by his petition and his petition is moot. *Id*. at 1-2

DISCUSSION

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Thus, to invoke the jurisdiction of the federal court, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494

1  U.S. 472, 477 (1990). It is not enough that a dispute was alive at the time the action was
2  filed, the parties "must continue to have a personal stake in the outcome of the lawsuit"
3  in order to sustain the federal court's jurisdiction. *Id.* at 477-78. When the issues
4  presented are no longer "live," or the parties lack a legally cognizable interest in the
5  outcome, an action is moot. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir.
6  1998).

7      Here, the sole issue presented by petitioner is whether the BOP properly granted
8  ETCs for the time period between sentencing and his designation to the FDC. *See* Dkt.
9  1 at 2. BOP has now granted the credits sought. Dkt. 19-1. Because the relief petitioner
10 sought has effectively been granted, petitioner has no injury that could be redressed by
11 this Court and his petition is therefore moot. *See Lewis*, 494 U.S. at 477.

12                               CONCLUSION

13     Based on the foregoing, this Court recommends that petitioner's federal habeas
14 petition be dismissed as moot. A proposed order accompanies this report and
15 recommendation.

16     Objections to this report and recommendation, if any, should be filed with the
17 Clerk and served upon all parties to this suit within fourteen (14) days of the date on
18 which this report and recommendation is signed. Failure to file objections within the
19 specified time may affect your right to appeal. Objections should be noted for
20 consideration on the District Judge's motion calendar for the third Friday after they are
21 filed. Responses to objections may be filed within fourteen (14) days after service of
22 objections. If no timely objections are filed, the matter will be ready for consideration by
23 the District Judge on April 26, 2024.

24

25

NOTED FOR: APRIL 26, 2024 - 3

Dated this 8th day of April, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge